EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2015 TSPR 32 |
| Jesús R. Moll Fariña | 192 DPR ____ |

Número del Caso: TS-3374

Fecha: 24 de marzo de 2015

Programa de Educación Jurídica Continua:

    Lcda. Geisa Marrero
    Directora Ejecutiva

Materia: Conducta Profesional – La suspensión será efectiva el 3 de abril de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Jesús R. Moll Fariña                TS-3374


*PER CURIAM*

En San Juan, Puerto Rico, a 24 de marzo de 2015.

Ante la indiferencia demostrada por un miembro de la profesión legal al incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC), así como hacer caso omiso a los requerimientos del PEJC y de este Tribunal, nos vemos forzados a ordenar su suspensión indefinida.

I.

El Lcdo. Jesús R. Moll Fariña fue admitido al ejercicio de la abogacía el 9 de enero de 1970.[1]   El

_____

[1] Surge del expediente que el licenciado Moll Fariña no es notario.

10 de octubre de 2014, la Directora del PEJC, en representación de la Junta de Educación Jurídica Continua, presentó ante nosotros un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*. Explicó que, debido a que el licenciado Moll Fariña incumplió con los requisitos del PEJC durante el periodo de 1 de agosto de 2007 al 31 de julio de 2009,[2] se le envió un Aviso de Incumplimiento el 3 de septiembre de 2009. A pesar de que en el aviso una de las alternativas que se le otorgó fue 60 días adicionales para tomar los cursos, el licenciado Moll Fariña no tomó los cursos adeudados, como tampoco pagó la cuota por cumplimiento tardío. Como consecuencia, el 1 de septiembre de 2011 el PEJC lo citó a una vista informal a celebrarse el 23 de septiembre de 2011. La incomparecencia del licenciado Moll Fariña a dicha vista conllevó que se remitiera el asunto ante la consideración de este Tribunal para que tomáramos conocimiento de la situación, le concediéramos un término final al licenciado Moll Fariña para subsanar la deficiencia y emitiéramos cualquier dictamen que procediera en derecho.

En atención a ello, el 31 de octubre de 2014, notificada el 5 de noviembre de 2014, emitimos una Resolución en la cual le concedimos al licenciado Moll Fariña un término de 20 días para que compareciera y

---

[2] Cabe mencionar que, según el Informe presentado, el licenciado Moll Fariña también incumplió con los requisitos del PEJC durante los periodos de 1 de agosto de 2009 al 31 de julio de 2011 y de 1 de agosto de 2011 al 31 de julio de 2013. Sin embargo, con relación a estos periodos no se ha citado al licenciado Moll Fariña a una vista informal.

mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido. Al presente, el licenciado Moll Fariña no ha comparecido. Es importante destacar que todas las comunicaciones previamente mencionadas fueron cursadas a la dirección del licenciado Moll Fariña que consta en el Registro Único de Abogados y Abogadas (RUA) y ninguna fue devuelta. Examinemos la normativa aplicable a este asunto.

## II.

Los abogados y las abogadas admitidos a la práctica en nuestra jurisdicción tienen la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […]".[3] En sintonía con el deber antes expuesto y en virtud de nuestro poder inherente para reglamentar la profesión de la abogacía, este Tribunal adoptó el Reglamento de Educación Jurídica Continua[4] y, posteriormente, el Reglamento del Programa de Educación Jurídica Continua (Reglamento del PEJC).[5]

Dichos cuerpos reglamentarios fueron adoptados para establecer un programa de educación jurídica continua que contribuyera al mejoramiento profesional de los abogados y las abogadas, así como a la actualización de sus

---

[3] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX C. 2.
[4] Véase, In re Regl. Educ. Jur. Cont., 146 DPR 494 (1998).
[5] Véase, In re Aprobación Prog. Educ. Jur., 164 DPR. 555 (2005).

conocimientos y destrezas jurídicas.[6] Todo ello a los fines de fomentar el ejercicio de la profesión dentro de los más altos niveles de calidad y competencia.[7]

En lo pertinente, el Reglamento del PEJC les exige que, de no estar exentos, aprueben como mínimo 24 horas crédito en cursos sobre educación jurídica. Estos cursos son acreditables cada dos años.[8] Además, dispone que todo profesional del Derecho debe presentar ante la Junta de Educación Jurídica Continua un informe que acredite el cumplimiento de las 24 horas crédito, durante los 30 días siguientes a la terminación de cada periodo de cumplimiento.[9]

Cuando algún miembro de la profesión no cumple con los requisitos del PEJC, como primer paso, la Junta de Educación Jurídica Continua le envía un Aviso de Incumplimiento.[10] Como alternativa de cumplimiento, el Reglamento del PEJC viabiliza que los abogados puedan cumplir tardíamente con las obligaciones que les impone dicho programa. Para ello, éstos deben presentar un escrito en el cual expliquen las razones de la tardanza y paguen la cuota correspondiente dentro de los 30 días siguientes a la notificación del Aviso de Incumplimiento.[11]

---

[6] Íd.
[7] Íd.
[8] Regla 5(9) del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC), 4 LPRA Ap. XVII-E R. 5. Véase además, Regla 6 del Reglamento de Educación Jurídica Continua de 1998, 4 LPRA Ap. XVII-D R.6.
[9] Regla 28 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 28.
[10] Regla 29 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 29.
[11] Regla 30 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 30.

En caso de que el abogado no cumpla con lo requerido, la Junta de Educación Jurídica Continua lo cita a una vista informal en la que podrá presentar prueba y exponer las razones que justifican su proceder.[12] Si el abogado no comparece a la celebración de la vista, el asunto es remitido a la consideración de este Tribunal.[13] En el pasado hemos ejercido nuestra facultad disciplinaria para suspender del ejercicio de la profesión a abogados y abogadas que no cumplen con los requisitos del PEJC ni atienden sus requerimientos, así como las órdenes de este Tribunal. Véase, In re Del Campo Alomar, 188 DPR 587 (2013); In re Piñeiro Vega, 188 DPR 77 (2013); In re Grau Collazo, 185 DPR 938 (2012).

En este contexto, el Canon 9 de Ética Profesional exige que la conducta de los abogados hacia los tribunales se caracterice por el mayor respeto.[14] De este precepto emana la ineludible obligación de los miembros de la profesión legal de responder oportunamente a los requerimientos de este Tribunal. In re García Ortiz, 187 DPR 507, 524 (2013); In re Grau Collazo, supra, en las págs. 943-944; In re Ramírez Ferrer, 183 DPR 382, 384 (2011).

En infinidad de ocasiones hemos reiterado que no atender las órdenes de este Tribunal tiene como

---

[12] Reglas 31 y 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 31 y 32.
[13] Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 32.
[14] Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX C. 9.

consecuencia la suspensión del ejercicio de la profesión, pues demuestra dejadez e indiferencia a nuestros apercibimientos. In re Massanet Rodríguez, 188 DPR 116, 125 (2013); In re Fidalgo Córdova, 183 DPR 217, 222 (2011); In re Fiel Martínez, 180 DPR 426, 430 (2010). De igual forma, la actitud de no cumplir con las órdenes del Tribunal denota menosprecio hacia nuestra autoridad, por lo cual dicha conducta constituye una violación al Canon 9 de Ética Profesional. In re Guzmán Rodríguez, 187 DPR 826, 829 (2013); In re Fiel Martínez, supra, en las págs. 430-431.

A pesar de ser enfáticos con la norma antes señalada, en repetidas ocasiones nos hemos visto obligados a suspender abogados y abogadas por mostrar una actitud de indiferencia y dejadez con relación a nuestros requerimientos. In re Mendoza Ramírez, 188 DPR 244, 249 (2013); In re Colón Olivo, 187 DPR 659, 663 (2013); In re Rodríguez Salas, 181 DPR 579, 581 (2011); In re Rodríguez Rodríguez, 180 DPR 841, 845-844 (2011). Apliquemos este marco legal a los hechos ante nuestra consideración.

### III.

Según expuesto previamente, el licenciado Moll Fariña no tomó ningún curso de educación jurídica continua durante el periodo del 1 de agosto de 2007 al 31 de julio de 2009, incumpliendo así con lo requerido por el Reglamento del PEJC. Asimismo, el PEJC le concedió la oportunidad de cumplir con su obligación, aunque fuera

tardíamente, y justificar su incumplimiento, de forma que no resultara con una medida disciplinaria en su contra. Sin embargo, el licenciado Moll Fariña ignoró las notificaciones y los avisos enviados por el PEJC.

Se le añade al patrón de incumplimiento desplegado por el licenciado Moll Fariña que éste también hizo caso omiso a la Resolución emitida por este Tribunal el 31 de octubre de 2014 ordenándole mostrar causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y no comparecer cuando fue citado.

Cabe mencionar que todas las comunicaciones cursadas al licenciado Moll Fariña fueron remitidas a la dirección que surge del RUA y ninguna fue devuelta. No podemos tolerar que miembros de la profesión legal actúen con indiferencia y despreocupación ante sus obligaciones y más aún ante los requerimientos de este Tribunal. Al no comparecer ante nosotros y mostrar causa por la que no debía ser suspendido del ejercicio de la abogacía, el licenciado Moll Fariña mostró menosprecio hacia nuestra autoridad.

Todo lo anterior nos obliga a decretar la suspensión inmediata e indefinida del licenciado Moll Fariña del ejercicio de la abogacía. Así pues, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar

oportunamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión *per curiam* y sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Jesús R. Moll Fariña                    TS-3374

SENTENCIA

En San Juan, Puerto Rico, a 24 de marzo de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Jesús R. Moll Fariña por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC), así como hacer caso omiso a los requerimientos del PEJC y de este Tribunal.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Sentencia.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo